**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NIBSOR FERREIRA VELASQUEZ<br><br>Petitioner,<br><br>v.<br><br>David WESLING, Field Office Director, DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement, MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General<br><br>Respondents. | Case No. 1:26-cv-14316<br><br>**AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Now comes the Petitioner, Nibsor Ferreira Velasquez, and amends his petition to provide updated information about his place of detention and grounds for relief.

## INTRODUCTION

1. Petitioner Nibsor Ferreira Velasquez is a Honduras national. On information and belief, he was unlawfully detained by federal immigration agents on September 21, 2026. He continues to be held without a bond hearing, in violation of his right to Due Process.
2. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.
3. Petitioner asks this Court to find that he was unlawfully detained and that failure to permit a bond hearing violates Due Process, and order his release.

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

5. Venue is proper because Petitioner resides and was detained in New Bedford, MA, and was held in immigration detention in Burlington, M.A. at the time the habeas petition was filed on September 21, 2026 at 9:05 P.M. See *Yancey v. Warden*, 682 F. Supp. 3d 97, 98 (D. Mass. 2023) (holding that transfer to a different district after filing does not divest the original district court of jurisdiction over the petition). The Petitioner was transferred to the Strafford County Department of Corrections in Dover, NH, later that evening around 10:30 P.M.

**PARTIES AND FACTS ALLEGED**

6. The Petitioner Nibsor Ferreira Velasquez is a resident and works in Massachusetts.

7. Respondent David Wesling is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

8. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

9. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

10. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

11. All respondents are named in their official capacities.

12. Petitioner is a Honduras national. On information and belief, he was detained without cause by U.S. Immigration and Customs Enforcement agents on September 21, 2026.

13. On information and belief, the Petitioner is present in the United States, having entered

without inspection. He is a class member of *Guerrero Orellana*, 813 F.Supp.3d 185, (D. Mass. 2025). The Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), because he is not applying for admission to the United States at the border: he is already present within the United States. *Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026).

14. On information and belief, Petitioner is currently in custody in the District of New Hampshire, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

15. On information and belief, Petitioner was arrested and detained by federal agents without cause and in violation of his constitutional rights to due process of law.

16. On September 21, 2026, the defendant was stopped in a motor vehicle and seized by a gas station. The immigration officers were not specifically looking for the Petitioner and had no specific reason to believe that he was unlawfully present in the United States.

17. The officers pulled their masks up as they began to approach and turned their vehicle lights on after the petitioner began to drive away.

18. "The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." *United States v. Brignoni–Ponce,* 422 U.S. 873, 878 (1975). Consistent with Supreme Court precedent, the First Circuit has "required that immigration officers have reasonable suspicion to briefly stop individuals to question them regarding their immigration status and probable cause for any further arrest and detention." *Morales v. Chadburne,* 793 F.3d at 215. That is, an immigration officer must have "probable cause to arrest and detain individuals for the

purpose of investigating their immigration status." *Id.,* 793 F.3d at 216. Even a brief stop *without detention* of an individual to question them about their immigration status must be justified by reasonable suspicion. *See United States v. Brignoni-Ponce*, 422 U.S. at 884 ("[T]he Fourth Amendment ... forbids stopping . . . persons for questioning about their citizenship on less than a reasonable suspicion that they may be aliens."); *see also Lopez v. Garriga,* 917 F.2d 63, 69 (1st Cir.1990) (noting that detention to inquire about an individual's immigration status is "a seizure and implicate[s] the [F]ourth [A]mendment" (citing *Immigration & Naturalization Serv. v. Delgado,* 466 U.S. 210, 216–17 (1984).

**COUNT TWO**

**Violation of 8 U.S.C. 1226(a)**

19. The government's on-going detention of Petitioner without access to a bond hearing is in direct violation of the decision of the First Circuit Court of Appeals in *Guerrero Orellana v. Moniz et al*, Nos. 25-2152, 26-1094, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), affirming Petitioner's rights as a member of the class certified by United States District Judge Patti B. Saris of the District of Massachusetts in *Guerrero Orellana v. Moniz et al*, 808 F. Supp. 3d 167 (D. Mass. 2025) (certifying class) and 813 F.Supp.3d 185 (modifying class and granting motion for partial summary judgment) (collectively, "*Guerrero Orellana*"), and is contrary to dozens of clear precedents in this District and hundreds of similar rulings across the country.

20. While Petitioner plainly would be entitled to a bond hearing were he to remain detained, the most appropriate remedy for these violations isfor the Court to order Petitioner's immediate release or, in the alternative, to order the Respondents to provide Petitioner a constitutionally sufficient bond hearing and to release the Petitioner until such time as that

hearing occurs.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Retain jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of New Hampshire or returned to the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or provide a bond hearing, pursuant to 8 U.S.C. § 1226(a).

(6) Grant any further relief this Court deems just and proper.

Nibsor Ferreira Velasquez
by his attorney,

*/s/ Alyssa Hackett*
Alyssa Hackett 676880

Peachy Hackett & Sunderland LLP
88 Broad Street, Suite 101
Boston, MA 02110 617-302-8466
ahackett@phsllp.com

## Certificate of Service

I, Alyssa Hackett hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 5, 2026 */s/ Alyssa Hackett*

Alyssa Hackett